IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOSHUA HUTCHINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-185-WKW |
| | ) | [WO] |
| DERRICK CUNNINGHAM, D.T. | ) | |
| MARSHALL, WANDA J. | ) | |
| ROBINSON, BARBARA | ) | |
| PALMER, KEVIN J. MURPHY, | ) | |
| MELVIN TURNER, QCHC, INC., | ) | |
| JOHNNY BATES, DONALD | ) | |
| KERN, JERRY GURLEY, DR. | ) | |
| WHITE, DIONNE BAKER, | ) | |
| SHARON SMITH, TERESA | ) | |
| VARDEN, DAFFANY | ) | |
| ABBINGTON, TIFFANY | ) | |
| CLARK, DEBORAH MUSE, | ) | |
| KIM PATTERSON, and | ) | |
| MICHELLE BEASLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Joshua Hutchinson spent 229 days in solitary confinement at the Montgomery County Detention Center (the "jail") as a pretrial detainee because of his sleep apnea. Or rather, he was placed in a suicide watch cell segregated from other inmates as an accommodation of his sleep apnea because the jail staff concluded that the CPAP machine that Mr. Hutchinson needed to sleep could be

used as a weapon by inmates in general population. So it is that Mr. Hutchinson spent his time awaiting trial alone in a jail cell in which the lights were always on, with no access to the outdoor recreation facilities or other programs made available to other inmates. And so it is that, as a result of his time spent in isolation, Mr. Hutchinson suffered psychological harm, "transform[ing] from a person with a normal presentation to a withdrawn, non-communicative, angry, and paranoid individual who would refuse to eat, refuse medical care, and engage in other antisocial behaviors." (Doc. # 70, at 10.)

These are a few of the well-pleaded factual allegations contained in Mr. Hutchinson's Amended Complaint, in which he brings claims under 42 U.S.C. § 1983 against the jail staff responsible for his placement, the company—QCHC, Inc.—that contracted with the County to provide medical services to inmates, and the individual QCHC nurses and physicians responsible for medical treatment at the jail. All defendants move to dismiss.[1] Before the court is the Magistrate Judge's Report and Recommendation (Doc. # 116), to which Mr. Hutchinson has timely filed objections (Doc. # 117). Upon an independent review

---

[1] Specifically, Defendants D.T. Marshall, Kevin J. Murphy, Barbara Palmer, Wanda J. Robinson, and Melvin Turner move to dismiss the claims against Mr. Marshall under Federal Rules of Civil Procedure 25 and 12(b). (Doc. # 72.) All other defendants, as well as Defendants Murphy, Palmer, Robinson, and Turner, move for dismissal of the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Doc. # 73 (Defendants Daffany Abbington, Tiffany Clark, Teresa Varden, Dionne Baker, and Sharon Smith), Doc. # 75 (Defendants QCHC, Inc., Johnny Bates, Donald Kern, and Jerry Gurley), Doc. # 77 (Defendants Derrick Cunningham, Wanda J. Robinson, Barbara Palmer, Kevin J. Murphy, and Melvin Turner), and Doc. # 100 (Defendants Deborah Muse, Kim Patterson, and Michelle Beasley).)

of the record and a *de novo* determination of those issues to which Mr. Hutchinson objects, the court finds that the Magistrate Judge's Recommendation is due to be adopted.

## I. JURISDICTION AND VENUE

The court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331. The parties do not contest personal jurisdiction or venue.

## II. STANDARD OF REVIEW

The court reviews objections to the Magistrate Judge's Report and Recommendation *de novo*, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U. S. C. § 636(b)(1).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss, courts "must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1089 (11th Cir. 2005) (citation omitted). To survive Rule 12(b)(6) scrutiny, however, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 570 (2007)). If there are "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim, there are "plausible" grounds for recovery, and a motion to dismiss should be denied. *Twombly*, 550 U. S. at 556.

### III. DISCUSSION

The Magistrate Judge provided a thorough recitation of the factual and procedural history of this case, which Mr. Hutchinson does not dispute and which the court need not repeat. (*See* Doc. # 116, at 4–11.) Mr. Hutchinson objects to two of the Magistrate Judge's recommendations: first, that his § 1983 claim for deliberate indifference to serious medical needs against QCHC be dismissed with prejudice; and second, that his § 1983 deliberate indifference claims against the Sheriff Defendants be dismissed with prejudice.[2] Each objection will be considered in turn.

**A.     QCHC**

Mr. Hutchinson alleges that QCHC as an entity was deliberately indifferent to his serious medical needs and can be held liable under § 1983 "due to the

---

[2] The "Sheriff Defendants" are Defendants Marshall, Cunningham, Murphy, Palmer, Robinson, and Turner. (Doc. # 116, at 36 n.14.) The Magistrate Judge separately recommends dismissing the claims against Mr. Marshall, and Mr. Hutchinson does not object to that recommendation. (*See* Doc. # 116, at 13–16.) Mr. Hutchinson brought multiple claims against the Sheriff Defendants, including requests for declaratory and injunctive relief and § 1983 claims for substantive and procedural due process violations. (Doc. # 70, at 15–18.) Mr. Hutchinson appears to object only to the recommended dismissal of his deliberate indifference claim against the Sheriff Defendants, as he responds only to the Magistrate Judge's reasoning on that claim alone. (Doc. # 117, at 4–7.)

actions of its final policymakers, Drs. Bates and Kern." (Doc. # 70, at 15.) The Magistrate Judge agreed that § 1983 liability could attach to QCHC because it was acting as the functional equivalent of a municipality when it contracted to provide medical care at the jail. And the Magistrate Judge noted that an entity can be liable under a "policy or custom" theory if, among other ways, a plaintiff alleges that the constitutional violations resulted from the actions of an official with final policymaking authority. (Doc. # 116, at 32.) The Magistrate Judge concluded, however, that Mr. Hutchinson's amended complaint does not state a claim upon which relief can be granted because it fails to allege that the decisions by Drs. Kern and Bates were not subject to review, nor does it specify the actions, conduct, or areas over which they exercised final authority. (Doc. # 116, at 33–34.) "In fact, the amended complaint is completely silent on the scope of Drs. Kern and Bates's final policymaking authority for QCHC and certainly does not allege that either Dr. Kern or Dr. Bates had final policymaking authority over an inmate's housing or the specific conditions of an inmate's confinement. The most [Mr.] Hutchinson alleges is that Drs. Kern and Bates were final policymakers for QCHC." (Doc. # 116, at 34.)

The Supreme Court has explained that the "final policymaker" theory of municipal liability attaches "only where the decisionmaker possesses final authority to establish municipal policy *with respect to the action ordered.*"

5

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986) (emphasis added). In other words, the theory provides a plausible claim for relief "where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id.* at 483.

Construing the facts in the light most favorable to Mr. Hutchinson, the amended complaint alleges that (1) Drs. Bates and Kern "acted as final policymakers for QCHC," (2) they provided care for Mr. Hutchinson, knew of his deteriorated mental state, and refused to do anything, and (3) therefore the policy or custom of QCHC was to deny Mr. Hutchinson the care he needed by failing to take any steps to address the conditions of his confinement. (Doc. # 70, at 12, 14–15.) As the Magistrate Judge pointed out, the problem is the link. There are no allegations to suggest that when Drs. Bates and Kern were individually treating Mr. Hutchinson that they were establishing the custom or policy of QCHC, nor does Mr. Hutchinson allege that either Dr. Bates or Dr. Kern (or both together) even could establish such a custom with regard to the conditions of Mr. Hutchinson's confinement.

Mr. Hutchinson asserts that "the area of final policymaking authority at issue—medical care for plaintiff—is necessarily implied" in the amended complaint, and seeks leave to amend the complaint once more to make the

6

assertion explicit. (Doc. # 117, at 2.) This request is due to be denied. First, Mr. Hutchinson was already put on notice by QCHC's initial motion to dismiss that his complaint was deficient, and he did not cure it in his amended complaint. (*See* Doc. # 51, at 14–17.) Second, simply adding the conclusory statement that Drs. Kern and Bates exercised final policymaking authority over Mr. Hutchinson's care is not much more than a legal conclusion couched as a factual allegation. *Cf. Iqbal*, 556 U.S. at 678. It is not enough to "permit the court to infer anything more than the mere possibility of misconduct." *Id.* at 679. And third, "[w]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) (quoting *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999)). For all these reasons, Mr. Hutchinson's request for leave to amend his amended complaint will be denied.[3]

**B.** **Sheriff Defendants**

Mr. Hutchinson also brings § 1983 deliberate indifference claims against the individual sheriff defendants responsible for his continued placement in solitary confinement: Defendants Marshall, Cunningham, Palmer, Murphy, Robinson, and Turner. The Magistrate Judge recommends dismissing these claims because Mr.

---

[3] Mr. Hutchinson also objects to the Magistrate Judge's conclusion that liability under § 1983 may not be based on the doctrine of respondeat superior, but he does so "to preserve this issue and seek a change in the law on appeal." (Doc. # 117, at 3.) As Mr. Hutchinson acknowledges, the Magistrate Judge's Recommendation correctly applies binding precedent as it currently exists.

7

Hutchinson has not alleged facts that would render plausible his allegation that each of the sheriff defendants (1) had subjective knowledge of a risk of serious harm to Mr. Hutchinson, (2) disregarded that risk, and (3) did so by conduct constituting more than mere negligence[4]—the elements of a claim for deliberate indifference of a serious medical need. (Doc. # 116, at 43.) Accordingly, the Magistrate Judge found that Mr. Hutchinson could not state a claim of a constitutional violation to survive the first step of the qualified-immunity analysis. *See Gaines v. Wardynski*, 871 F.3d 1203, 1208 (11th Cir. 2017) (explaining that to survive an assertion of qualified immunity, a plaintiff bears a two-step burden of demonstrating "(1) that the defendant violated her constitutional rights, and (2) that, at the time of the violation, those rights were 'clearly established.'" (citation omitted)).

In conducting the step-one analysis, the Magistrate Judge incorrectly applied a "heightened pleading standard applicable to § 1983 cases where qualified immunity is at issue." (Doc. # 116, at 46.) Although the Eleventh Circuit once applied a heightened pleading standard in qualified immunity cases, it has since

---

[4] Although the Magistrate Judge used the language of "more than mere negligence," the Eleventh Circuit has made clear that "a claim of deliberate indifference requires proof of more than *gross* negligence." *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1158 (11th Cir. 2010) (emphasis added); *see Farmer v. Brennan*, 511 U.S. 825, 839 (1994) (adopting recklessness standard for deliberate indifference under the Eighth Amendment); *Andujar v. Rodriguez*, 486 F.3d 1199, 1203 n.3 (11th Cir. 2007) (noting that deliberate indifference claims by pretrial detainees are governed by the Fourteenth Amendment's Due Process Clause, but that the analysis is the same as under the Eighth Amendment).

held that "[p]leadings for § 1983 cases involving defendants who are able to assert qualified immunity as a defense shall now be held to comply with the standards described in [*Ashcroft v.*] *Iqbal*." *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). These are the Rule 8(a)(2) pleading standards that apply to any motion to dismiss under Rule 12(b)(6).

But this error was harmless because even under the correct Rule 12(b)(6) standard Mr. Hutchinson has failed to state a plausible claim that the Sheriff Defendants were deliberately indifferent to his psychiatric malady. The relevant factual allegations in the amended complaint show that (1) the Sheriff Defendants placed Mr. Hutchinson in the segregated cell because of his CPAP machine; (2) they were aware when they did so that extended periods of solitary confinement can result in a substantial risk of harm; (3) the QCHC medical personnel caring for Mr. Hutchinson told the Sheriff Defendants about "plaintiff's severe deterioration and that the deterioration was caused by the inhumane conditions of plaintiff's confinement," (Doc. # 70, at 12–13); and (4) "[t]he [S]heriff [D]efendants continued to impose solitary confinement on plaintiff after becoming aware of plaintiff's deterioration" (Doc. # 70, at 14). It can also be assumed that Mr. Hutchinson's declining mental state presented a serious medical need. *See Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). The court agrees with the Magistrate Judge's analysis that these allegations simply present a claim of

collective knowledge by the Sherriff Defendants, yet the Eleventh Circuit has made clear that "imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008) (citation omitted).[5]

Moreover, even if the Sheriff Defendants were subjectively aware of a risk of serious harm to Mr. Hutchinson, the amended complaint still fails to allege plausible facts that they disregarded that risk, much less that doing so constituted more than gross negligence. An official disregards a serious risk by more than gross negligence "when he [or she] knows that an inmate is in serious need of medical care, but he [or she] fails or refuses to obtain medical treatment for the inmate." *Dang v. Sheriff, Seminole Cnty. Fla.*, 871 F.3d 1272, 1280 (11th Cir. 2017) (alterations in original) (quoting *Lancaster v. Monroe Cnty., Ala.*, 116 F.3d 1419, 1425 (11th Cir. 1997)). Because Mr. Hutchinson admits that he was seen daily by the QCHC nursing staff at the jail (Doc. # 70, at 10), he must allege that his situation "was so obviously dire that [six] lay deputies must have known that [the] medical professional[s] had grossly misjudged [his] condition," *Townsend v. Jefferson Cnty.*, 601 F.3d 1162, 1159 (11th Cir. 2010), or that they knew that the medical professionals "had ignored what [they] knew to be [Mr. Hutchinson's]

---

[5] Mr. Hutchinson asserts that the Supreme Court's decision in *Kingsley v. Hendrickson*, 135 S. Ct. 2446 (2015), abrogates this line of case law and contends that an objective standard should apply to his Fourteenth Amendment claims. (Doc. # 85, at 7 n.2.) But he also correctly notes that the Eleventh Circuit has stated, albeit in dictum, that *Kingsley* does not affect medical care cases. *See Dang v. Sheriff, Seminole Cnty. Fla.*, 871 F.3d 1272, 1279 n.2 (11th Cir. 2017).

serious medical need . . . because, for example, [they] 'had previously exhibited deliberate indifference in carrying out [their] responsibilities,'" *id.* (quoting *Mandel v. Doe*, 888 F.2d 783, 789 (11th Cir. 1989)). But the amended complaint alleges nothing of the sort. Nor does it contain allegations that the Sheriff Defendants were advised of a specific course of treatment by the medical personnel and refused it, or that the medical personnel suggested transferring Mr. Hutchinson to a different facility or detention level. *Cf. Howell v. Evans*, 922 F.2d 712, 722–23 (11th Cir. 1991), *abrogated in part on other grounds by Richardson v. Knight*, 521 U.S. 399 (1997). In short, Mr. Hutchinson has not presented plausible factual allegations that he suffered a constitutional violation by the Sheriff Defendants, and they are therefore entitled to qualified immunity on Mr. Hutchinson's § 1983 claim of deliberate indifference.

## V. CONCLUSION

Accordingly, it is ORDERED as follows:

1. The Recommendation of the Magistrate Judge (Doc. # 116) is ADOPTED.

2. Mr. Hutchinson's claims against the individual defendant identified in the amended complaint as "Dr. \_\_\_\_ White" is DISMISSED WITHOUT PREJUDICE for failure to perfect service and to provide proof of service in

compliance with Rule 4 of the Federal Rules of Civil Procedure and for failure to prosecute.

3. The motion to dismiss claims against Defendant D.T. Marshall (Doc. # 72) is GRANTED, and Mr. Hutchinson's claims against Mr. Marshall are DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 25(a).

4. The motions to dismiss claims against Defendants Daffany Abbington, Dionne Baker, Tiffany Clark, Sharon Smith, Teresa Varden, Michelle Beasley, Deborah Muse, and Kim Patterson (Docs. # 73 and 100) are DENIED.

5. The motion to dismiss claims against Defendants QCHC, Inc., Johnny Bates, Jerry Gurley, and Donald Kern (Doc. # 75) is resolved as follows:

    a. The motion to dismiss is GRANTED to the extent Mr. Hutchinson asserts a § 1983 deliberate indifference claim against QCHC and a supervisory liability § 1983 deliberate indifference claim against Drs. Bates and Kern, and those claims are DISMISSED WITH PREJUDICE; and

    b. The motion to dismiss is DENIED in all other respects.

6. The motion to dismiss claims against Defendants Derrick Cunningham, Kevin J. Murphy, Barbara Palmer, Wanda J. Robinson, and Melvin Turner (Doc. # 77) is GRANTED, and Mr. Hutchinson's claims against Derrick Cunningham, Kevin J. Murphy, Barbara Palmer, Wanda J. Robinson, and Melvin

Turner are DISMISSED WITH PREJUDICE and his requests for declaratory and injunctive relief are DISMISSED AS MOOT as to all defendants.

7. Mr. Hutchinson's request for leave to amend his amended complaint (Doc. # 117, at 2) is construed as a motion and DENIED.

8. This leaves only Mr. Hutchinson's § 1983 deliberate indifference claim against QCHC Defendants Bates, Gurley, Kern, Abbington, Baker, Clark, Smith, Varden, Beasley, Muse, and Patterson in their individual capacities.

9. This action is REFERRED back to the Magistrate Judge pursuant to 28 U.S.C. § 636 for further proceedings and determination or recommendation as may be appropriate.

DONE this 26th day of March, 2018.

                                            /s/ W. Keith Watkins
                            CHIEF UNITED STATES DISTRICT JUDGE