IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOSHUA HUTCHINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-185-WKW |
| | ) | [WO] |
| JOHNNY BATES, DONALD KERN, | ) | |
| JERRY GURLEY, DIONNE | ) | |
| BAKER, SHARON SMITH, | ) | |
| TERESA VARDEN, DAFFANY | ) | |
| ABBINGTON, TIFFANY CLARK, | ) | |
| DEBORAH MUSE, KIM | ) | |
| PATTERSON, and MICHELLE | ) | |
| BEASLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In this deliberate indifference claim under 42 U.S.C. § 1983, Plaintiff Joshua Hutchinson alleges that several medical professionals employed by QCHC to work in the Montgomery County Detention Facility were aware of and ignored the deterioration of his mental health. On July 31, 2019, the Magistrate Judge filed a Recommendation (Doc. # 150) that Defendants' separate motions for summary judgment (Docs. # 139, 141) be granted. Plaintiff timely objected to the Recommendation (Doc. # 151), and Defendants responded to his objection (Doc. # 154). Upon an independent and *de novo* review of the record, Plaintiff's objections

are due to be overruled, and the Magistrate Judge's Recommendation is due to be adopted.

## I. JURISDICTION AND VENUE

The court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331. The parties do not contest personal jurisdiction or venue.

## II. STANDARD OF REVIEW

To succeed on a motion for summary judgment, the moving party must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court views the evidence, and all reasonable inferences drawn from it, in the light most favorable to the nonmoving party. *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

A party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for the motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This responsibility includes identifying the parts of the record that show there is no genuine dispute of material fact. A movant who does not bear a trial burden of production may also assert, without citing the record, that the nonmoving party "cannot produce admissible evidence to support" a material fact. Fed. R. Civ. P. 56(c)(1)(B). If the moving party meets its burden, the burden shifts to the nonmoving party to present evidence of a genuine dispute of material fact. A genuine dispute of material fact exists when the nonmoving party produces

evidence allowing a reasonable fact-finder to return a verdict in its favor. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

### III. DISCUSSION

The Magistrate Judge provided a thorough recitation of the factual and procedural history of this case, which the court need not repeat. (*See* Doc. # 150, at 2–4.) Mr. Hutchinson has conceded that Michelle Beasley, Kim Patterson, Sharon Smith, Teresa Varden, and Dr. Kern's motion for summary judgment (Doc. # 141) should be granted. (Doc. # 148, at 1.)

Mr. Hutchinson "bases his objection on the magistrate judge's finding [Doc. # 150, at 9] that plaintiff having 'daily interactions' with medical staff to 'refill his CPAP with distilled water, administer medication, and/or take his weight' constitutes daily monitoring of his condition." (Doc. # 151, at 1.) Plaintiff contends that "none of those things required medical staff to talk to plaintiff or determine whether his mental health was deteriorating." (Doc. # 151, at 1.) He argues that a jury could find Defendants liable because they either had actual knowledge of Plaintiff's deteriorating condition or, alternatively, they failed to monitor Plaintiff properly "despite the known risk" that solitary confinement posed to his mental health. (Doc. # 151, at 2.) This objection is meritless, and even if it was not, it would be insufficient to save Mr. Hutchinson's claim from summary judgment.

3

## A. Plaintiff's objection lacks merit because he has conceded and the record shows that Defendants monitored him.

Summary judgment is due to be granted because Plaintiff's objection directly contradicts his Complaint and the record. "[A] party is bound by the admissions in his pleadings." *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983). Plaintiff is bound by his Complaint's allegations that:

- the nurse defendants "came into contact with plaintiff multiple times a week, if not multiple times a day," (Doc. # 70, ¶ 50);
- Plaintiff "*was under close observation* due to his deterioration, and for other reasons, during and after October 2014, plaintiff had daily interactions with . . . the individual nurse defendants," (Doc. # 70, ¶ 51) (emphasis added);
- Plaintiff was seen by "the individual defendants, on regular daily rounds," (Doc. # 70, ¶ 52);
- the nurse defendants "discussed plaintiff and his deteriorating condition among themselves and with . . . Bates, Kern, and Gurley, on a regular basis," (Doc. # 70, ¶ 53); and
- all remaining defendants "each reviewed plaintiff's medical records, including the February 14 entry, had multiple contacts with plaintiff, [and were aware of plaintiff's severely-deteriorated mental state . . . ." (Doc. # 70, ¶¶ 58–59.)

Plaintiff cannot now claim that Defendants were merely "servicing plaintiff's known physical needs." (Doc. # 151, at 1.) The record also contradicts Plaintiff's implication that—unlike Mr. Schoettker—Dr. Bates and Nurse Abbington did not "t[ake] the time to talk him." Nurse Abbington stated that Plaintiff "basically always talked to" her. (Doc. # 140-2, at 30.) Dr. Bates became concerned because Plaintiff would not talk to him. (Doc. # 140-8, at 257.) Ultimately, Plaintiff has not produced

4

substantial evidence that any individual Defendant failed to monitor him or that any Defendant monitored him and failed to act when his condition worsened. (Doc. # 150, at 9–10, 12); (Doc. # 154, ¶ 4); (Doc. # 149, at 10–11.) His objections are due to be overruled, and the motions for summary judgment are due to be granted.

B. **Plaintiff's objection is insufficient to preclude summary judgment because he still has not demonstrated how each Defendant violated his rights or how their conduct was more than merely negligent.**

The Magistrate Judge recommended dismissal of Mr. Hutchinson's claim due to his failure to meet his evidentiary burden on all five required elements of his claim. (Doc. # 150.) These elements are: 1) an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm; 2) the defendant's response to that need was poor enough to constitute an unnecessary and wanton infliction of pain; 3) subjective knowledge of a risk of serious harm; 4) disregard of that risk; 5) and the conduct committed by the defendant was more than merely negligent. *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011).[1]

Mr. Hutchinson was informed of the need to "specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made." (Doc. # 150, at 14.) While Mr. Hutchinson specifically identified a factual finding he finds objectionable, his objection fails to explicitly connect this factual finding to

---

[1] Plaintiff must also produce evidence sufficient to support a finding that Defendants' indifference caused his injury. *Colardo-Keen v. Rockdale Cty.*, 775 F. App'x 555, 564 (11th Cir. 2019).

the five elements of deliberate indifference. His repeated conclusory references to "deliberate indifference" (Doc. # 151, at 2, 3) require the court to employ guesswork to connect the dots.

Mr. Hutchinson's objection could be construed as contesting the second element, where the objected-to finding is relied upon. (Doc. # 150, at 9.) It also makes a passing reference to the first element. (Doc. # 151, at 2–3) ("If they were monitoring him, they must have had actual knowledge of his deterioration because his attorney, Benjamin Schoettker, was able to observe it (Doc. 148-1). A serious medical condition is, of course, one that has been diagnosed or one that is obvious to a lay person.") However, the objection more closely resembles a challenge to the third and fourth elements of his prima facie case because of his repeated references to Defendants' "actual knowledge." (*See* Doc. # 151, at 2–3) ("Thus, there are two possibilities upon which a reasonable fact finder could determine liability. Either defendants had actual knowledge of plaintiff's or they failed to monitor him properly despite the known risk to his mental health. If they were monitoring him, they must have had actual knowledge of his deterioration . . . ."); (Doc. # 151, at 2) (quoting *Farmer v. Brennan*, 511 U.S. 825, 842 (1994), and its discussion of the subjective knowledge requirement); (Doc. # 151, at 2) (alluding to the fourth element, disregarding risk, by asserting "[i]f a lay person could observe the deterioration, [Defendants] certainly were able to and did nothing about it").

6

Still, not even the broadest reading of Mr. Hutchinson's objection could reveal a challenge to the Magistrate Judges's findings on the fifth element of his claim, nor does it rectify his failure to address the subjective knowledge and actions of each individual defendant. *See Jackson v. West*, 787 F.3d 1345, 1357 (11th Cir. 2015) ("To survive summary judgment as to each defendant, [Plaintiff] must point to a genuine issue of fact as to whether that defendant had subjective knowledge that [her son] specifically should not have been placed in a remote cell."); *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008) ("[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference."). These unobjected-to findings will not be overruled.

Before he filed his objection, Mr. Hutchinson had been informed at least twelve times—including once by the Magistrate Judge—of the need to address the subjective knowledge and actions of each defendant. (Doc. # 51, at 21–22); (Doc. # 54, at 25–26); (Doc. # 63, at 13, 18); (Doc. # 74, at 29–30); (Doc. # 76, at 24–25); (Doc. # 93, at 14); (Doc. # 94, at 13); (Doc. # 101, at 29); (Doc. # 114, at 13); (Doc. # 140, at 19–20); (Doc. # 149, at 2–3); (Doc. # 150, at 12). He still has not done so.

Mr. Hutchinson also has not produced sufficient evidence that any of the individual Defendants' alleged failures to monitor or conscious disregard for his mental health were so "grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941

F.2d 1495, 1505 (11th Cir. 1991) (quoting *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)).  His claim that he needed immediate removal from his medical cell amounts to a mere difference of opinion over the type of care required and does not constitute more than mere negligence.  *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (holding that the question of whether additional diagnostic techniques or forms of treatment are necessary is a matter of medical judgment and does not violate the Eighth Amendment); *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995). Regardless of Mr. Hutchinson's objection to the adequacy of Defendants' "monitoring," he ultimately cannot prove his prima facie case.

## IV.  CONCLUSION

Accordingly, it is ORDERED as follows:

1. The Magistrate Judge's Recommendation (Doc. # 150) is ADOPTED;

2. Plaintiff's objection (Doc. # 151) is OVERRULED;

3. Defendants' Motions for Summary Judgment (Docs. # 139, 141) are GRANTED;

A final judgment will be entered separately.

DONE this 17th day of October, 2019.

                                                    /s/ W. Keith Watkins
                                         UNITED STATES DISTRICT JUDGE